IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL SOLLERA,                        )
                                       )
            Plaintiff,                 )
                                       )
      vs.                              )    Civil Action No.   1:12-320
                                       )
CAROLYN COLVIN, Acting Commissioner    )
of Social Security,[1]                 )
                                       )
            Defendant.                 )
                                       )

AMBROSE, Senior District Judge

## OPINION
### and
### ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment.  (Docket Nos. 8 and 10).  Both parties have filed Briefs in Support of their Motions.  (Docket Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion (Docket No. 10) is denied and Plaintiff's Motion (Docket No. 8) is granted to the extent that the case is remanded to the Commissioner for further proceedings consistent with the Opinion that follows.

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act").   Plaintiff applied for SSI on or about

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on February 14, 2013 and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

July 26, 2007.   (R. 262-67, 294).    In his application, he alleged that since December 1, 2000, he had been disabled due to seizures, a learning disability, dyslexia, a knee injury, and high cholesterol.   Id.    Administrative Law Judge ("ALJ") James J. Pileggi held a hearing on September 25, 2009, at which Plaintiff was represented by counsel. (R. 38-70).    Plaintiff appeared at the hearing and testified on his own behalf.   Id.   Plaintiff's sister and a vocational expert also were present at the hearing and testified.   (R. 60-68).   In a decision dated December 1, 2009, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act.   (R. 134-42). Plaintiff requested review of the ALJ's determination by the Appeals Council.   (R. 212).

While Plaintiff's request for review was pending, he filed another SSI application on January 25, 2010, which was granted at the initial level of administrative review on June 15, 2010, and found Plaintiff disabled as of his SSI application date.   (R. 148).   On August 31, 2010, the Appeals Council notified Plaintiff that his two SSI claims (the unfavorable December 1, 2009 ALJ decision and the favorable June 15, 2010 determination) would be combined for further action and a new ALJ decision.   (R. 213-17).   The Appeals Council explained that the June 15, 2010 favorable decision did not appear to be supported by substantial evidence because it relied solely on the "inconsistent and unsupported" opinion of consultative examiner Dr. Hillin, who examined Plaintiff on May 11, 2010, and opined that Plaintiff was markedly limited in several areas of psychiatric functioning.   (R. 215).   The Appeals Council provided Plaintiff with an opportunity to respond to its proposed action, but Plaintiff did not do so.   (R. 150, 213-17).   On October 20, 2010, the cases were consolidated and remanded to the ALJ for further administrative proceedings.   (R. 149-52).

On April 6, 2011, ALJ Pileggi held a second hearing, at which Plaintiff was represented by counsel.   (R. 71-126).   Plaintiff appeared at the hearing and testified on his own behalf. Plaintiff's sister and a vocational expert also were present at the hearing and testified.   (R.

100-126).    On May 16, 2011, the ALJ issued another unfavorable decision, finding that Plaintiff was not disabled under the Act.    (R. 21-31).    On October 25, 2012, the Appeals Council denied Plaintiff's request for review.    (R. 1-5).    Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment.    (Docket Nos. 8 and 10). The issues are now ripe for my review.

## II.    LEGAL ANALYSIS

### A.    STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate."    Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).    Determining whether substantial evidence exists is "not merely a quantitative exercise."    Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)).    "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.    Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)."    Id.    The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record.    Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial

evidence, the district court must review the record as a whole.   See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.   20 C.F.R. § 416.920.   The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to her previous employment (steps 1-4).   Dobrowolsky, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.**  **WHETHER THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE OF RECORD**

The ALJ found that Plaintiff had severe impairments, including borderline intellectual functioning, epilepsy, migraines, and depression.   (R. 23).   He further found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following nonexertional limitations:   he was limited to simple repetitive routine work processes and settings, not involving more than incidental interaction with the public, no team work, no work on unprotected heights or around dangerous machinery, no climbing or balancing on heights, and no work in a highly stimulative environment involving flashing light or spinning dials or similar situations.   (R. 26).   The ALJ ultimately concluded that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled within the meaning of the Act.   (R. 30-31).

Plaintiff argues the ALJ's findings are deficient because he failed to consider the June 15, 2010, report by non-examining state agency consultant Dr. Schiller, in which Dr. Schiller opined, inter alia, that Plaintiff had marked mental limitations affecting his ability to perform work-related activities.   Pl.'s Br. [ECF No. 9] at 11-13 (citing R. 667-83).[2]   After careful review of the record, applicable regulations, and relevant case law, I am constrained to agree.

As set forth above, Dr. Schiller was a non-examining state agency mental health expert. It is well established that although administrative law judges are not bound by findings and other opinions of state agency physicians and psychologists, they *must* consider those findings as opinion evidence.   20 C.F.R. § 416.927(e).   The regulations governing the evaluation of opinion evidence state that when an ALJ "considers findings of a State agency medical or psychological

---

[2] Plaintiff's challenges on appeal are limited to his alleged mental limitations. He does not contest the ALJ's findings regarding his epilepsy and migraines or any physical limitations resulting from those impairments.

consultant or other program physician, psychologist, or other medical specialist, the [ALJ] *will evaluate* the findings using the relevant factors . . . ." Id. The regulations further mandate that "[u]nless a treating source's opinion is given controlling weight, the administrative law judge *must explain in the decision* the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the [ALJ] must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us." Id. (emphasis added). Applicable Social Security Rulings addressing these regulations also emphasize the need for ALJs to discuss the opinions of nonexamining physicians and psychologists in their decisions. See, e.g., S.S.R. 96-6p (ALJs and the Appeals Council "are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions."); S.S.R. 96-5p (ALJs and the Appeals Council "must consider these opinions as expert opinion evidence of nonexamining physicians and psychologists and must address the opinions in their decisions."). Additionally, in this case, the Appeals Council specifically directed the ALJ to consider Dr. Schiller's opinion on remand, stating that:

> Upon remand the Administrative Law Judge will:
>
> > Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations. . . . In so doing, evaluate the treating and nontreating source opinion pursuant to the provisions of 20 CFR 416.927 and Social Security Rulings 96-2p and 96-5p, *and explain the weight given* to such opinion evidence.

(R. 151) (emphasis added).

The ALJ's failure to mention Dr. Schiller's opinions is inexcusable in light of these mandates. Although the Government acknowledges that the ALJ did not cite to Dr. Schiller's opinion, it argues the ALJ nevertheless "considered and rejected Dr. Schiller's opinion when the

ALJ discounted the opinion of consultative examiner Dr. Hillin, upon whose opinion Dr. Schiller's opinion was exclusively based." Def.'s Br. [ECF No. 11] at 15-16. This argument is without merit. As set forth below, I agree that the ALJ's findings discrediting Dr. Hillin's opinions are supported by substantial evidence; however, to jump to the same conclusion about Dr. Schiller's opinion would be impermissible speculation. Although, on remand, the ALJ is entitled to discredit Dr. Schiller's opinion for the reasons suggested by Defendant and the Appeals Council, it is not my role to make that decision in the first instance.[3]

For these reasons, remand is appropriate so that the ALJ can consider and explain the weight given to the June 15, 2010 opinion of Dr. Schiller.

### C. WHETHER THE MEDICAL EVIDENCE OF RECORD SUPPORTS THE ALJ'S DECISION

Plaintiff argues that the ALJ erred in giving limited weight to the opinions of State agency consultative examiner, Dr. Hillin. Pl.'s Br. [ECF No. 9] at 13-14. This argument is without merit.

Dr. Hillin performed consultative mental examinations of Plaintiff on October 27, 2009, and May 27, 2010, in connection with each of Plaintiff's disability applications, respectively. (R. 599-613, 651-661). After the October 27, 2009, examination (which he summarized in a seven-page report), Dr. Hillin opined, inter alia, that Plaintiff had marked limitations in several areas, including the ability to: understand, remember and carry out detailed instructions; interact appropriately with the public, supervisors, and co-workers; respond appropriately to work pressures in a usual work setting; and respond appropriately to changes in a routine work setting. (R. 608). Dr. Hillin made similar findings in his May 2010 report.[4]

---

[3] Although the Appeals Council stated that "it appeared" that Dr. Schiller's findings were based on Dr. Hillin's "unsupported and inconsistent" opinion, it left it to the ALJ to review the evidence and make that finding.

[4] In the 2009 report, Dr. Hillin found that Plaintiff had slight limitations in his ability to understand, remember, and carry out short, simple instructions and to make judgments on simple work-related

Plaintiff argues that the ALJ erred in rejecting Dr. Hillin's opinion because he failed to identify any evidence that contradicts Dr. Hillin's conclusions. ECF No. 9 at 13-14. This argument is without merit. After thoroughly examining and discussing Dr. Hillin's opinions, the ALJ assigned them "limited weight" because they were inconsistent with other evidence of record, including Dr. Hillin's own observations and conclusions. (R. 29). The record evidence supports the ALJ's decision. For example, as the ALJ noted, Dr. Hillin's reports reflect that, during the examination, Plaintiff retained the ability to retain simple instructions and exhibited relevant, coherent, and goal-directed thoughts. (R. 29, citing Exhibits 15F and 21F). Dr. Hillin also noted that Plaintiff was cooperative during the examination, and that his coping, social reasoning, and judgment were fair. Id. The ALJ pointed out that although Plaintiff's social judgment was low during the 2009 examination, he displayed fair social judgment during his second exam. Id. Plaintiff also told Dr. Hillin that he refused psychiatric treatment and denied depression. Id. With respect to Plaintiff's GAF scores, Dr. Hillin gave Plaintiff a score of 65 in 2009 and 59-60 in 2010, indicating only mild to moderate difficulty.[5] (R. 29, 605, 656). The ALJ also cited other inconsistent record evidence, including the lack of evidence of treatment for depression or anxiety; Plaintiff's ability to leave home regularly to attend appointments; and Plaintiff's ability to maintain satisfactory relationships with family members. (R. 29).

It is well-established that an ALJ may reject a medical opinion that is inconsistent with the other medical evidence of record, including the examining physician's own progress notes. See,

---

decisions. (R. 608). In May 2010, Dr. Hillin noted moderate limitations in these areas. (R. 658). In the May, 2010 report, Dr. Hillin upgraded Plaintiff's ability to respond appropriately to changes in a routine work setting from markedly to moderately limited. (R. 608, 658).

[5] The GAF scale is used by clinicians to report an individual's overall level of functioning. See Cainglit v. Barnhart, 85 F. App'x 71, 74-75 (10th Cir. 2003). A GAF score of 51-60 denotes "moderate symptoms . . . OR moderate difficulty in social, occupational, or school functioning," and a score of 61-70 indicates "some mild symptoms . . . OR some difficulty in social, occupational, or school functioning . . . , but generally functioning pretty well, has some meaningful relationships." See DSM-IV-TR, at 34.

e.g., Plummer v. Apfel, 186 F.3d 422, 430 (3d Cir. 1999); Burke v. Comm'r Soc. Security, 317 F. App'x 240, 243-44 (3d Cir. 2009).   Because the ALJ adequately explained his reasons for giving limited weight to the opinions in Dr. Hillin's report and identified significant examples of medical evidence inconsistent with and contrary to that opinion, including Dr. Hillin's own examination reports, I find no error on this issue.

To the extent Plaintiff further argues that the ALJ failed to follow Social Security Ruling 85-15 (Pl.'s Br. at 12-13), that argument is likewise misplaced.   Social Security Ruling 85-15 addresses "the medical-vocational rules as a framework for evaluating solely nonexertional impairments."   S.S.R. 85-15.   Although this ruling clarifies policies applicable in cases involving mental impairments, nothing in the ruling mandates a finding of disability in this case.   As noted in Plaintiff's brief, the ruling states, inter alia, that "the mentally impaired *may* have difficulty meeting the requirements of even so-called 'low-stress' jobs."   S.S.R. 85-15 (emphasis added). It does not stand for the proposition that the mentally impaired cannot meet such demands in every case.   To the contrary, the ruling emphasizes that it "is not intended to set out any presumptive limitations for disorders, but to emphasize the importance of thoroughness in evaluation on an individualized basis."   Id.   As set forth herein, with the exception of his above-described failure to discuss Dr. Schiller's opinion, the ALJ conducted a thorough, individualized evaluation in this case.

For all of these reasons, I find that substantial evidence supports the ALJ's analysis of Dr. Hillin's opinions and that Plaintiff's arguments to the contrary are without merit.

D.    **WHETHER PLAINTIFF MEETS LISTING 12.05**

In step three of the disability analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1.   Jesurum v. Secretary of Health & Human Servs., 48 F.3d 114, 117 (3d Cir.

1995).   An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary.   Burnett v. Commissioner, 220 F.3d 112, 119 (3d Cir. 2000).   Plaintiff asserts that his intellectual functioning in combination with his mental health diagnosis render him disabled under Listing 12.05(C) – Mental Retardation.   Pl.'s Br. [ECF No. 9] at 14-15.

> Listing 12.05 provides:
>
> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
>     * * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
>
>     * * * *

20 C.F.R. pt. 404, subpt. P, app.1 § 12.05.   Under the criteria in 12.05(C), a claimant is presumptively disabled if: "(a) he is mentally retarded, as evidenced by an IQ between 60 and 70, and has been so since before the age of 22; and (b) has another impairment, other than the mental retardation, that imposes an additional and significant work-related limitation of function." Williams v. Sullivan, 970 F.2d 1178, 1184 (3d Cir. 1992); see also Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003); McDonnell v. Astrue, Civ. A. No. 10-222, 2010 WL 3938259, at *4 (W.D. Pa. Oct. 5, 2010).

The ALJ considered Listing 12.05 in his opinion and concluded that the "paragraph C" criteria of the listing were not met because Plaintiff did not have a valid verbal, performance, or full

scale IQ of 60 through 70. (R. 25-26).[6] Plaintiff does not dispute that his IQ scores exceeded

70. Instead, he argues that the ALJ should have recognized that "there is a measurement error

of approximately 5 points in assessing IQ" and, accordingly, should have adjusted Plaintiff's

full-scale IQ score down five points to a 69. Pl.'s Br. at 15. In support, Plaintiff cites Halstead v.

Shalala, 862 F. Supp. 86, 89 (W.D. Pa. 1994). Plaintiff neglects to mention, however, that the

United States Court of Appeals in Burns v. Barnhart, 312 F.3d 113 (3d Cir. 2002), abrogated the

Halstead case on this very point. The Burns court concluded that to read an error range of five

points into the regulation "would violate the plain language of the regulation, which requires '[a]

valid verbal, performance, or full scale IQ of 60 through 70.'" 312 F.3d at 125 (quoting Listing

12.05 and abrogating Halstead and similar cases). Because Plaintiff's argument rests squarely

on unsound case law, it is without merit and must be rejected here.

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the

Commissioner denying benefits has three options. It may affirm the decision, reverse the

decision and award benefits directly to a claimant, or remand the matter to the Commissioner for

further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all

evidence contained in the record, I find that the ALJ's decision is not supported by substantial

evidence to the extent the ALJ failed to discuss Dr. Schiller's June 15, 2010 Mental RFC

Assessment and Psychiatric Review Technique form. (R. 667-683). The case therefore is

remanded for further consideration of this limited issue in light of this Opinion. For these and all

of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth

herein, and Defendant's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[6] Specifically, Plaintiff's WAIS-III results indicated a verbal IQ of 73; a performance IQ of 78; and a full-scale IQ of 74. (R. 25, 604, 610-13).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL SOLLERA,              )
                                    )
          Plaintiff,     )
                                    )
          vs.           )     Civil Action No.   1:12-320
                                    )
CAROLYN COLVIN, Acting Commissioner   )
of Social Security,[1]           )
                                    )
          Defendant.    )
                                    )

AMBROSE, Senior District Judge

**ORDER OF COURT**

AND NOW, this 4th day of March, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto.  Defendant's Motion for Summary Judgment (Docket No. 10) is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on February 14, 2013 and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).